# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 1:14-cr-00229-JMD-MJD |
| ) | |
| v. ) | Hon. Jane Magnus-Stinson |
| ) | |
| AISIN SEIKI CO., LTD., ) | |
| ) | |
| Defendant. ) | Violation: 15 U.S.C. § 1 |

## PLEA AGREEMENT

The United States of America and Aisin Seiki Co., Ltd. ("Defendant"), a corporation organized and existing under the laws of Japan, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

## RIGHTS OF DEFENDANT

1. The Defendant understands its rights:

    (a) to be represented by an attorney;

    (b) to be charged by Indictment;

    (c) as a corporation organized and existing under the laws of Japan, to decline to accept service of the Summons in this case, and to contest the jurisdiction of the United States to prosecute this case against it in the United States District Court for the Southern District of Indiana;

    (d) to plead not guilty to any criminal charge brought against it;

    (e) to have a trial by jury, at which it would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

(f) to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

(g) to appeal its conviction if it is found guilty; and

(h) to appeal the imposition of sentence against it.

### AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

2. The Defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(g) above. The Defendant knowingly and voluntarily waives any objection or defense it may have to the prosecution of the charged offense in the United States District Court for the Southern District of Indiana based on venue. The Defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 9 of this Plea Agreement, regardless of how the sentence is determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b)-(c). Nothing in this paragraph, however, will act as a bar to the Defendant perfecting any legal remedies it may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The Defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct. Pursuant to Fed. R. Crim. P. 7(b), the Defendant will waive indictment and plead guilty to a one-count Information to be filed in the United States District Court for the Southern District of Indiana. The Information will charge the Defendant with participating in a combination and conspiracy to suppress and eliminate competition in the automotive parts industry by agreeing to allocate customers of, rig bids for, and fix, stabilize, and maintain the prices of, variable valve timing ("VVT") devices sold to automobile manufacturers, including General Motors Company, Nissan Motor Co., Ltd., Volvo Car Corporation, BMW AG, and certain of their subsidiaries, affiliates,

2

and suppliers (collectively, "Automobile Manufacturers"), in the United States and elsewhere, from at least as early as September 2000 until at least February 2010, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

3. The Defendant will plead guilty to the criminal charge described in Paragraph 2, above, pursuant to the terms of this Plea Agreement and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4, below.

### FACTUAL BASIS FOR OFFENSE CHARGED

4. Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts beyond a reasonable doubt.

(a) For purposes of this Plea Agreement, the "relevant period" is that period from at least as early as September 2000 through at least February 2010. During the relevant period, the Defendant was a corporation organized and existing under the laws of Japan. The Defendant had its principal place of business in Kariya, Japan. During the relevant period, the Defendant was a manufacturer and supplier of VVT devices, was engaged in the business of manufacturing and selling VVT devices to Automobile Manufacturers in the United States and elsewhere, and employed 5,000 or more individuals. VVT devices are installed in automobile engines and regulate the timing, extent, and duration of the opening of the engine's intake and exhaust valves.

(b) During the relevant period, the Defendant, through its officers and employees, including high-level personnel of the Defendant, participated in a conspiracy with other persons and another company involved in the manufacture and sale of VVT devices, the primary purpose of which was to suppress and eliminate competition in the automotive parts industry by agreeing to allocate customers of, rig bids for, and fix, stabilize, and maintain the prices of, VVT devices sold to Automobile Manufacturers in the United States and elsewhere. In furtherance of the conspiracy, the Defendant, through its officers and employees, engaged in discussions and attended meetings with

3

representatives of another company involved in the manufacture and sale of VVT devices. During such discussions and meetings, agreements were reached to allocate the Automobile Manufacturers to whom each would sell VVT devices, rig bids quoted to Automobile Manufacturers for VVT devices, and fix, stabilize, and maintain the prices of VVT devices, sold to Automobile Manufacturers in the United States and elsewhere. The conduct charged during the relevant period affected the Defendant's sales of VVT devices to Automobile Manufacturers in the United States and elsewhere until at least June 2010, which totaled approximately $113.6 million.

(c) During the relevant period, VVT devices sold by one or more of the conspirator companies and equipment and supplies necessary to the manufacture and sale of VVT devices, as well as payments for VVT devices, traveled in interstate and import trade and commerce. The business activities of the Defendant and its co-conspirators in connection with the manufacture and sale of VVT devices that were the subject of this conspiracy were within the flow of, and substantially affected, interstate and import trade and commerce.

## ELEMENTS OF THE OFFENSE

5. To sustain the violation of 15 U.S.C. § 1 charged in the Information, the United States must prove the following elements beyond a reasonable doubt:

(a) the conspiracy described in the Information existed at or about the time alleged;

(b) the Defendant knowingly became a member of the conspiracy; and

(c) the conspiracy described in the Information either substantially affected interstate commerce in goods or services or occurred within the flow of interstate commerce in goods and services.

4

## POSSIBLE MAXIMUM SENTENCE

6.  The Defendant understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is a fine in an amount equal to the greatest of:

   (a)  $100 million (15 U.S.C. § 1);

   (b)  twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

   (c)  twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

7.  In addition, the Defendant understands that:

   (a)  pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

   (b)  pursuant to § 8B1.1 of the United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3563(b)(2) or 3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

   (c)  pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the Defendant to pay a $400 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

8.  The Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider, in determining and imposing sentence, the Guidelines Manual in effect on the date of sentencing unless that Manual provides for greater punishment than the Manual in effect on the last date that the offense of conviction was committed, in which case the Court must consider the Guidelines Manual in effect on the last date that the offense of conviction was committed. The parties agree there is no *ex post facto* issue under the November 1, 2014, Guidelines Manual. The Court must also consider the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence. The Defendant

5

understands that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard. The Defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

## SENTENCING AGREEMENT

9. Pursuant to Fed. R. Crim. P. 11(c)(1)(C) and subject to the full, truthful, and continuing cooperation of the Defendant and its related entities, as defined in Paragraph 13 of this Plea Agreement, the United States and the Defendant agree that the appropriate disposition of this case is, and agree to recommend jointly that the Court impose, a sentence requiring the Defendant to pay to the United States a criminal fine of $35.8 million payable in full before the fifteenth (15th) day after the date of judgment and no order of restitution ("the recommended sentence"). The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. § 5K2.0. The parties agree not to seek at the sentencing hearing any sentence outside of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this Plea Agreement. The parties further agree that the recommended sentence set forth in this Plea Agreement is reasonable.

(a) The Defendant understands that the Court will order it to pay a $400 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

(b) In light of the availability of civil causes of action, which potentially provide for a recovery of a multiple of actual damages, the recommended sentence does not include a restitution order for the offense charged in the Information.

6

(c) Both parties will recommend that no term of probation be imposed, but the Defendant understands that the Court's denial of this request will not void this Plea Agreement.

(d) The United States and the Defendant jointly submit that this Plea Agreement, together with the record that will be created by the United States and the Defendant at the plea and sentencing hearings, and the further disclosure described in Paragraph 11, will provide sufficient information concerning the Defendant, the crime charged in this case, and the Defendant's role in the crime to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553. The United States and Defendant agree to request jointly that the Court accept the Defendant's guilty plea and impose sentence on an expedited schedule as early as the date of the Defendant's initial appearance based upon the record provided by the Defendant and the United States, under the provisions of Fed. R. Crim. P. 32(c)(1)(A)(ii) and U.S.S.G. § 6A1.1. The Court's denial of the request to impose sentence on an expedited schedule will not void this Plea Agreement.

10. The United States and the Defendant agree that the applicable Guidelines fine range exceeds the fine contained in the recommended sentence set out in Paragraph 9 above. Subject to the full, truthful, and continuing cooperation of the Defendant and its related entities, as defined in Paragraph 13 of this Plea Agreement, and prior to sentencing in this case, the United States agrees that it will make a motion, pursuant to U.S.S.G. § 8C4.1, for a downward departure from the Guidelines fine range in this case and will request that the Court impose the fine contained in the recommended sentence set out in Paragraph 9 of this Plea Agreement because of the Defendant's and its related entities' substantial assistance in the government's investigation and prosecution of violations of federal criminal law in the automotive parts industry.

7

11. Subject to the full, truthful, and continuing cooperation of the Defendant and its related entities, as defined in Paragraph 13 of this Plea Agreement, and prior to sentencing in this case, the United States will fully advise the Court and the Probation Office of the fact, manner, and extent of the Defendant's and its related entities' cooperation and their commitment to prospective cooperation with the United States' investigation and prosecutions, all material facts relating to the Defendant's involvement in the charged offense, and all other relevant conduct.

12. The United States and the Defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 9 of this Plea Agreement.

(a) If the Court does not accept the recommended sentence, the United States and the Defendant agree that this Plea Agreement, except for Paragraph 12(b) below, will be rendered void.

(b) If the Court does not accept the recommended sentence, the Defendant will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)). If the Defendant withdraws its plea of guilty for that reason, then this Plea Agreement, the guilty plea, and any statement made in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or this Plea Agreement or made in the course of plea discussions with an attorney for the government will not be admissible against the Defendant in any criminal or civil proceeding, except as otherwise provided in Fed. R. Evid. 410. In addition, the Defendant agrees that, if it withdraws its guilty plea pursuant to this subparagraph of this Plea Agreement, the statute of limitations period for any offense referred to in Paragraph 15 of this Plea Agreement will be tolled for the period between the date of signature of this Plea Agreement and the date the Defendant withdrew its guilty plea or for a period of sixty (60) days after the date of signature of this Plea Agreement, whichever period is greater.

## DEFENDANT'S COOPERATION

13.     The Defendant and its related entities (for the purposes of this Plea Agreement, the Defendant's related entities are entities in which the Defendant directly or indirectly had a greater than 50% ownership interest as of the date of the signature of this Plea Agreement, including, but not limited to, Aisin Holdings of America, Inc., and Aisin World Corp. of America), will cooperate fully and truthfully with the United States in the prosecution of this case, the current federal investigation of violations of federal antitrust and related criminal laws involving the manufacture or sale of VVT devices that is described in Paragraph 4, above, and any litigation or other proceedings arising or resulting from such investigation to which the United States is a party (collectively "Federal Proceeding"). Federal Proceeding includes, but is not limited to, an investigation, prosecution, litigation, or other proceeding regarding obstruction of, the making of a false statement or declaration in, the commission of perjury or subornation of perjury in, the commission of contempt in, or conspiracy to commit such offenses in, a Federal Proceeding. The full, truthful, and continuing cooperation of the Defendant and its related entities will include, but not be limited to:

(a)     producing to the United States all documents, information, and other materials, wherever located, not protected under the attorney-client privilege or the work-product doctrine, and with translations into English, in the possession, custody, or control of the Defendant or any of its related entities, that are requested by the United States in connection with any Federal Proceeding; and

(b)     using its best efforts to secure the full, truthful, and continuing cooperation, as defined in Paragraph 14 of this Plea Agreement, of the current directors, officers, and employees of the Defendant or any of its related entities, and of any former director, officer, or employee of the Defendant or its related entities who was interviewed by and provided information to the United States that assisted the United States in a Federal Proceeding before the date of the signature of this Plea Agreement, as may be

9

requested by the United States, but excluding the individuals listed in Attachment A, filed under seal, including making these persons available in the United States and at other mutually agreed-upon locations, at the Defendant's expense, for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding. Current directors, officers, and employees are defined for purposes of this Plea Agreement as individuals who are directors, officers, or employees of the Defendant or any of its related entities as of the date of signature of this Plea Agreement.

14. The full, truthful, and continuing cooperation of each person described in Paragraph 13(b) above will be subject to the procedures and protections of this paragraph, and will include, but not be limited to:

(a) producing in the United States and at other mutually agreed-upon locations all documents, including claimed personal documents, and other materials, wherever located, not protected under the attorney-client privilege or the work-product doctrine, and with translations into English, that are requested by attorneys and agents of the United States in connection with any Federal Proceeding;

(b) making himself or herself available for interviews in the United States and at other mutually agreed-upon locations, not at the expense of the United States, upon the request of attorneys and agents of the United States in connection with any Federal Proceeding;

(c) responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or conspiracy to commit such offenses;

(d) otherwise voluntarily providing the United States with any material or information not requested in (a) - (c) of this paragraph and not protected under the attorney-client privilege or work-product doctrine that he or she may have that is related to any Federal Proceeding;

(e) when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the United States fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making a false statement or declaration in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*); and

(f) agreeing that, if the agreement not to prosecute him or her in this Plea Agreement is rendered void under Paragraph 16(c), the statute of limitations period for any Relevant Offense, as defined in Paragraph 16(a), will be tolled as to him or her for the period between the date of signature of this Plea Agreement and six (6) months after the date that the United States gave notice of its intent to void its obligations to that person under this Plea Agreement.

**GOVERNMENT'S AGREEMENT**

15. Subject to the full, truthful, and continuing cooperation of the Defendant and its related entities, as defined in Paragraph 13 of this Plea Agreement, and upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, the United States agrees that it will not bring further criminal charges against the Defendant or any of its related entities for any act or offense committed before the date of signature of this Plea Agreement that was undertaken in furtherance of the antitrust conspiracy involving the manufacture and sale of VVT devices that is described in Paragraph 4, above. The nonprosecution terms of this paragraph do not apply to (a) any acts of subornation of

11

perjury (18 U.S.C. § 1622), making a false statement (18 U.S.C. § 1001), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses; (b) civil matters of any kind; (c) any violation of the federal tax or securities laws or conspiracy to commit such offenses; or (d) any crime of violence.

16. The United States agrees to the following:

(a) Upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence and subject to the exceptions noted in Paragraph 16(c), the United States agrees that it will not bring criminal charges against any current director, officer, or employee of the Defendant or its related entities, or any former director, officer, or employee of the Defendant or its related entities who was interviewed by and provided information to the United States that assisted the United States in a Federal Proceeding before the date of the signature of this Plea Agreement, for any act or offense committed before the date of signature of this Plea Agreement and while that person was acting as a director, officer, or employee of the Defendant or its related entities that was undertaken in furtherance of the antitrust conspiracy involving the manufacture and sale of VVT devices that is described in Paragraph 4, above ("Relevant Offense"), except that the protections granted in this paragraph do not apply to the individuals listed in Attachment A, filed under seal;

(b) Should the United States determine that any current director, officer, or employee of the Defendant or its related entities, or any former director, officer, or employee of the Defendant or its related entities who was interviewed by and provided information to the United States that assisted the United States in a Federal Proceeding before the date of the signature of this Plea Agreement, may have information relevant to

12

any Federal Proceeding, the United States may request that person's cooperation under the terms of this Plea Agreement by written request delivered to counsel for the individual (with a copy to the undersigned counsel for the Defendant) or, if the individual is not known by the United States to be represented, to the undersigned counsel for the Defendant;

(c) If any person requested to provide cooperation under Paragraph 16(b) fails to comply fully with his or her obligations under Paragraph 14, then the terms of this Plea Agreement as they pertain to that person and the agreement not to prosecute that person granted in this Plea Agreement will be rendered void, and the United States may prosecute such person criminally for any federal crime of which the United States has knowledge, including, but not limited to, the Relevant Offense;

(d) Except as provided in Paragraph 16(e), information provided by a person described in Paragraph 16(b) to the United States under the terms of this Plea Agreement pertaining to the Relevant Offense, or any information directly or indirectly derived from that information, may not be used against that person in a criminal case, except in a prosecution for perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses;

(e) If any person who provides information to the United States under this Plea Agreement fails to comply fully with his or her obligations under Paragraph 14 of this Plea Agreement, the agreement in Paragraph 16(d) not to use that information or any information directly or indirectly derived from it against that person in a criminal case will be rendered void;

13

(f) The nonprosecution terms of this paragraph do not apply to (a) any acts of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses; (b) civil matters of any kind; (c) any violation of the federal tax or securities laws or conspiracy to commit such offenses; or (d) any crime of violence; and

(g) Documents provided under Paragraphs 13(a) and 14(a) will be deemed responsive to outstanding grand jury subpoenas issued to the Defendant or any of its related entities.

17. The United States agrees that when any person travels to the United States for interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for meetings with counsel in preparation therefor, the United States will take no action, based upon the Relevant Offense, to subject such person to arrest, detention, or service of process, or to prevent such person from departing the United States. This paragraph does not apply to an individual's commission of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses.

18. The Defendant understands that it may be subject to suspension or debarment action by state or federal agencies other than the United States Department of Justice, Antitrust Division, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls what action, if any, other agencies may take. However, the Antitrust Division agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such action of the fact, manner, and extent of the cooperation

of the Defendant and its related entities as a matter for that agency to consider before determining what action, if any, to take. The Defendant nevertheless affirms that it wants to plead guilty regardless of any suspension or debarment consequences of its plea.

## REPRESENTATION BY COUNSEL

19. The Defendant has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. The Defendant has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge, any possible defenses to the charge, and the nature and range of possible sentences.

## VOLUNTARY PLEA

20. The Defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement and Attachments A and B (both filed under seal). The United States has made no promises or representations to the Defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

21. The Defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the Defendant or any of its related entities have failed to provide full, truthful, and continuing cooperation, as defined in Paragraph 13 of this Plea Agreement, or have otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the Defendant in writing by personal or overnight delivery,

15

email, or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the Defendant and its related entities will be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offense that is the subject of this Plea Agreement. The Defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the Defendant or its related entities for any offense referred to in Paragraph 15 of this Plea Agreement, the statute of limitations period for such offense will be tolled for the period between the date of signature of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

22. The Defendant understands and agrees that in any further prosecution of it or its related entities resulting from the release of the United States from its obligations under this Plea Agreement because of the Defendant's or any of its related entities' violation of this Plea Agreement, any documents, statements, information, testimony, or evidence provided by it, its related entities, or their current or former directors, officers, or employees to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it or its related entities. In addition, the Defendant unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

23. This Plea Agreement and Attachments A and B (both filed under seal) constitute the entire agreement between the United States and the Defendant concerning the disposition of

16

the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the Defendant.

24. The undersigned is authorized to enter this Plea Agreement on behalf of the Defendant as evidenced by the Resolution of the Board of Directors of the Defendant attached to, and incorporated by reference in, this Plea Agreement.

25. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

26. A facsimile or PDF signature will be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

**REST OF THE PAGE INTENTIONALLY LEFT BLANK**

DATED: 12/1/2014

Respectfully submitted,

BY: _____
Masami Nomizo
General Manager
Legal Affairs Dept.
Aisin Seiki Co., Ltd.

BY: _____
Michael N. Loterstein, IL Bar No. 6297060
Andrew K.M. Rosa, HI Bar No. 6366
Ruben Martinez, Jr., TX Bar No. 24052278
Matthew J. McCrobie, IL Bar No. 6309644
Attorneys
U.S. Department of Justice
Antitrust Division
209 S. LaSalle, Suite 600
Chicago, IL 60604
Tel.: 312-984-7200
Fax: 312-984-7299
Email: Michael.Loterstein@usdoj.gov

BY: _____
Jeremy J. Calsyn
Counsel for Aisin Seiki Co., Ltd.
Cleary Gottlieb Steen & Hamilton, LLP
2000 Pennsylvania Ave., NW
Washington, D.C. 20006
Tel.: 202-974-1522
Fax: 202-974-1999
Email: jcalsyn@cgsh.com

September 2014

## AISIN SEIKI CO., LTD.
## BOARD RESOLUTIONS

At the Meeting of the Board of Directors of AISIN SEIKI CO., LTD. ("Aisin") held on September 25, 2014, the Board:

RESOLVED, that the execution, delivery and performance of the Plea Agreement between the United States Department of Justice and Aisin, in substantially the form attached hereto, is hereby approved;

RESOLVED, that Mr. Masami Nomizo, General Manager, Legal Affairs Department of Aisin, is authorized, empowered and directed to execute and deliver the Plea Agreement in the name and on behalf of Aisin; and

RESOLVED, that Mr. Masami Nomizo, is authorized, empowered and directed to represent Aisin before any court or governmental agency in order to make statements and confirmations in accordance with the Plea Agreement, including waiving indictment and entering a guilty plea on behalf of Aisin.

## CERTIFICATE

I, Fumio Fujimori, President of Aisin, a company organized and existing under the laws of Japan, do hereby certify that the foregoing resolutions adopted by the Board of Directors of Aisin at a meeting of the Board of Directors in Kariya, Aichi on September 25, 2014, are true, correct and complete and that said resolutions have not been amended, modified or repealed, and remain in full force and effect, as of the date hereof.

Signed in Kariya, Aichi, Japan this 26 day of September, 2014, by

_藤森文雄_

Mr. Fumio Fujimori
President
AISIN SEIKI CO., LTD.