# EXHIBIT E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 2:12-md-02311<br>Honorable Marianne O. Battani |
| In Re: Valve Timing Control Devices | |
| ALL EUROPEAN AUTO SUPPLY, INC., individually and on behalf of a class of all others similarly situated,<br><br>　　　　　　　　　　Plaintiff<br><br>v.<br><br>AISIN SEIKI CO., LTD., AISIN AUTOMOTIVE CASTING, LLC, KOREA DELPHI AUTOMOTIVE SYSTEMS CORP., HITACHI, LTD., HITACHI AUTOMOTIVE SYSTEMS, LTD., HITACHI AUTOMOTIVE SYSTEMS AMERICAS, INC., MIKUNI CORPORATION, MIKUNI AMERICAN CORPORATION, MITSUBISHI ELECTRIC CORPORATION, MITSUBISHI ELECTRIC US HOLDINGS, INC., MITSUBISHI ELECTRIC AUTOMOTIVE AMERICA, INC.<br><br>　　　　　　　　　　Defendants | Civil No. 2:17-cv-13158<br><br>**ELECTRONICALLY FILED**<br><br>**ORAL ARGUMENT REQUESTED** |

**DECLARATION OF NORIKUNI FUJISHIRO IN SUPPORT OF AISIN SEIKI CO., LTD. AND AISIN AUTOMOTIVE CASTING, LLC'S MOTIONS TO DISMISS ALL EUROPEAN AUTO SUPPLY, INC.'S CLASS ACTION COMPLAINT**

Pursuant to 28 U.S.C. § 1746, Norikuni Fujishiro hereby declares as follows:

1. I submit this Declaration in support of Aisin Seiki Co., Ltd.'s and Aisin Automotive Casting, LLC's Motions to Dismiss All European Auto Supply, Inc.'s ("AEAS") Class Action Complaint, No. 2:17-cv-13158-JCO-APP, Sept. 26, 2017, ECF No. 1 ("Complaint"). I am a resident of the United States. I have personal knowledge of the facts contained herein.

2. I serve as Senior Coordinator with Aisin Holdings of America, Inc. ("Aisin Holdings"). Aisin Holdings is incorporated in Michigan, and its principal place of business is in Northville, Michigan. Aisin Holdings manages all of the North American operations and subsidiaries of its parent company Aisin Seiki Co., Ltd. ("Aisin Seiki"), including Aisin Automotive Casting, LLC ("Aisin Automotive Casting") and Aisin World Corp. of America ("AWA").

3. Aisin Seiki is a Japanese corporation, with its principal place of business in Kariya, Japan, that primarily develops and produces certain components for the automotive industry. Both Aisin Automotive Casting and AWA are indirect, wholly-owned subsidiaries of Aisin Seiki.

4. Aisin Automotive Casting is incorporated in Kentucky, and its principal place of business is in London, Kentucky. Aisin Automotive Casting produces engine-related functional and die cast automotive parts. Within the broad definition of "Valve Timing Control Devices" set forth in the Complaint, Aisin Automotive Casting only produces variable valve timing ("VVT") devices.

5. AWA is incorporated in Michigan and its principal place of business is in Northville, Michigan. AWA sells automotive parts and accessories. Within the broad definition

of "Valve Timing Control Devices" set forth in the Complaint, AWA only sells variable valve timing ("VVT") devices.

6. AWA is the only entity within the Aisin Seiki group of companies that has sold VVT to parties outside the Aisin Seiki group of companies in the United States.

7. Aisin Automotive Casting does not and has never sold VVT to any company outside of the Aisin Seiki group of companies.

8. Aisin Automotive Casting does not and has never sold VVT to Plaintiff AEAS.

9. Beginning in November 2015, AWA sold VVT replacement parts for the aftermarket to AEAS, which participated in a buying group called Automotive Parts Associates, Inc.

10. Each invoice for a purchase of VVT from AWA contained a list of "Terms and Conditions," attached hereto as Exhibit 1, that governed the sale. *See* Ex. 1 at 1. Among the Terms and Conditions is the following clause:

> This Agreement shall be construed in accordance with and governed by the laws of the State of California. Both parties agree to personal and subject matter jurisdiction exclusively in the State of California. Any lawsuit or legal action arising out of this Agreement or any breach thereof, shall be brought and maintained only before the Superior Court for the State of California located in Los Angeles County.

I declare under the penalty of perjury that the foregoing is true and correct.

EXECUTED ON: May 22, 2018 in Northville, Michigan

Norikuni Fujishiro
Senior Coordinator
Aisin Holdings of America, Inc.

## TERMS AND CONDITIONS

All orders are subject to Seller's approval of Buyer's credit and to Seller's acceptance in writing. In complying with specifications, the Seller shall have the benefit of all customs and usages of the industry.

NO WARRANTIES, EXPRESS OR IMPLIED, INCLUDING WITHOUT LIMITATION, ANY WARRANTIES OF MERCHANTABILITY OR FITNESS ARE MADE WITH RESPECT TO THE PRODUCTS LISTED EXCEPT AS CONTAINED IN THIS DOCUMENT.

Seller's acceptance of this contract is expressly conditioned on Buyer's assent to all of the following standard conditions of sale. Any additional or different terms or conditions which may appear in any communication from Buyer are hereby objected to and shall not be effective or binding unless specifically recognized and assented to in writing by Seller's authorized representative and no such additional or different terms or conditions in any printed form or Buyer shall become part of this contract despite Seller's acceptance of the contract unless such acceptance so specifically recognizes and assents to their inclusion. The waiver or modification by the Seller of any of these terms and conditions shall not void or waive or modify any of the other terms and conditions.

Unless otherwise agreed to in writing, this order will be invoiced at the price prevailing at time of shipment. Terms of sale of the order shall be governed by the terms and conditions of this invoice and applicable price lists or quotation. Any terms and conditions on Buyer's purchase order or any other document allegedly applicable to the transaction are rejected by Seller and waived by Buyer. Any taxes imposed by any governmental authority upon the Seller based on the processing, sales, or delivery of the merchandise covered in this quotation shall be added to the above prices and paid by the Buyer.

Orders are not subject to cancellation or change after acceptance without the written consent of the Seller. Orders are accepted subject to any allotment plan Seller has in effect or may put into effect. Unless otherwise stated hereon, marking and labeling of the products ordered shall be in accordance with the Seller's standard method. If Buyer desires that special labels be used, Buyer shall furnish same at no cost to Seller, and further, such special labeling must be agreed to between Buyer and Seller at time order is placed.

Seller shall retain title to and possession of any designs, sketches, blueprints, drawings, patterns, models, dies, molds, tools, special appliances and materials used in connection with this order, whether or not paid for by Buyer. Seller shall have the right to destroy any such materials once the order is filled without notice to, or the consent of, Buyer.

The Seller shall not be liable for loss, damage or delay in manufacture, shipment or delivery of the products ordered, or for its inability to perform any or all of its obligations hereunder due to any causes beyond Seller's control, including but not limited to, acts of God, any acts or omissions of Buyer, acts of civil or military authorities, fire, floods, windstorms, earthquakes, strikes, lockouts, or other labor disturbances, civil commotion, war, delays in transportation, late delivery by Seller's suppliers or manufacturers, fuel or other energy shortages, or an inability to obtain necessary labor, materials, supplies, equipment or manufacturing facilities. If any such cause results in a delay in performance, the date of delivery or of performance shall be extended for a period equal to the time lost by reason of the delay, and such extension shall be Buyer's exclusive remedy. Acceptance of the products by Buyer shall constitute a waiver of all claims for loss or damages due to delay resulting from any cause. The Seller's liability does not cover wear and tear, abuse or misuse by the Buyer, its employees or agents, and is not applicable in cases where Buyer has failed to follow instructions supplied by the Seller, or in case of any defect due to art work, drawings or specifications furnished by the Buyer.

Buyer's exclusive remedy for any breach of contract or warranty shall be limited to the price of the Product(s) purchased. All claims against the Seller of whatsoever kind shall be limited to replacing F.O.B. Seller's dock any product which may prove to be defective or at Seller's option, allowing a refund of the purchase price of such defective product(s); provided the Buyer gave Seller prompt notice in writing of the defect or defects within ten (10) days of first use, but in no event more than thirty (30) days after receipt of the goods by the Buyer; and if inspection by Seller, at Seller's option, confirms the defect or defects. It is expressly agreed that Buyer shall not be entitled to recover any incidental or consequential damages as those terms are defined in the Uniform Commercial Code.

THE SELLER SHALL HAVE NO LIABILITY FOR ANY SPECIAL, INDIRECT, CONSEQUENTIAL, OR PUNITIVE DAMAGES WHATSOEVER, WHETHER ARISING FROM LOSS OF PRODUCTION, DELAYS OR LOSS ARISING FROM ALLEGED NEGLIGENCE OF SELLER.

In the event that either party retains an attorney to enforce any provision of this Agreement, then the successful party shall be entitled to the award of reasonable attorneys' fees from any party in default, including fees incurred in arbitration and mediation, or incurred in state and federal trial, bankruptcy, and appellate courts and fees incurred without suit, and all court and accounting costs incurred in resolution of such dispute.

This Agreement constitutes the entire agreement of the Parties with respect to the terms hereto, and no other agreement, statement or promise made by any Party, or to any employee, officer, or agent of any Party, which is not contained in this Agreement, shall be binding or valid.

This Agreement shall be construed in accordance with and governed by the laws of the State of California. Both parties agree to personal and subject matter jurisdiction exclusively in the State of California. Any lawsuit or legal action arising our of this Agreement or any breach thereof, shall be brought and maintained only before the Superior Court for the State of California located in Los Angeles County.