UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 2:12-md-02311<br>Honorable Marianne O. Battani |
| In Re: Valve Timing Control Devices | |
| ALL EUROPEAN AUTO SUPPLY, INC., individually and on behalf of a class of all others similarly situated,<br><br>                      Plaintiff<br><br>v.<br><br>AISIN SEIKI CO., LTD., AISIN AUTOMOTIVE CASTING, LLC, KOREA DELPHI AUTOMOTIVE SYSTEMS CORP., HITACHI, LTD., HITACHI AUTOMOTIVE SYSTEMS, LTD., HITACHI AUTOMOTIVE SYSTEMS AMERICAS, INC., MIKUNI CORPORATION, MIKUNI AMERICAN CORPORATION, MITSUBISHI ELECTRIC CORPORATION, MITSUBISHI ELECTRIC US HOLDINGS, INC., MITSUBISHI ELECTRIC AUTOMOTIVE AMERICA, INC.<br><br>                      Defendants | Civil No. 2:17-cv-13158<br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY IN SUPPORT OF AISIN SEIKI CO., LTD.'S MOTION TO DISMISS ALL
EUROPEAN AUTO SUPPLY, INC.'S CLASS ACTION COMPLAINT[1]**

---

[1] All abbreviations used herein have the same meaning they had in Aisin Seiki Co., Ltd.'s Brief in Support of its Motion to Dismiss All European Auto Supply, Inc.'s Class Action Complaint, ECF No. 36, No. 2:17-cv-13158 (hereinafter "Aisin Seiki Br.").

## **TABLE OF CONTENTS**

                                                                                                                       **Page**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ................................................................................................................ 1

ARGUMENT ........................................................................................................................ 1

      I.      THE COURT SHOULD DISMISS CLAIMS BASED ON AWA'S
            DIRECT SALES ........................................................................................ 1

            A.     The Complaint Falls Within the Scope of AWA's Forum-Selection
                    Clause ............................................................................................. 1

            B.     No Factors Outweigh AWA's Forum-Selection Clause ............................ 3

      II.     THE COMPLAINT IS OTHERWISE INSUFFICIENT ....................................... 4

# **TABLE OF AUTHORITIES**

**CASES**

*Anwar v. Fairfield Greenwich Ltd.*,
   742 F. Supp. 2d 367, (S.D.N.Y. 2010) ................................................................. 3

*Atlantic Marine Construction Co. v. United States District Court for the Western
   District of Texas*,
   571 U.S. 49 (2013) ............................................................................................ 1, 3-4

*Automotive Parts Antitrust Litigation, In re*,
   Master File No. 12-md-02311, 2017 WL 3579753 (E.D. Mich. Apr. 18, 2017) .................. 2-3

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................ 1

*Capital Currency Exchange, N.V. v. National Westminster Bank PLC*,
   155 F.3d 603 (2d Cir. 1998) ................................................................................ 4

*Coast Plaza Doctors Hospital v. Blue Cross of California*,
   83 Cal. App. 4th 677 (2000) ................................................................................ 2

*Delta Alcohol Distributors v. Anheuser-Busch International, Inc.*,
   28 F. Supp. 3d 682 (E.D. Mich. 2014) ................................................................. 1

*EFund Capital Partners v. Pless*,
   150 Cal. App. 4th 1311 (2007) ............................................................................ 2

*Fibreboard Corp. v. Hartford Accident & Indemnity Co.*,
   16 Cal. App. 4th 492 (1993) ................................................................................ 2

*General Electric Co. v. G. Siempelkamp GmbH & Co.*,
   29 F.3d 1095 (6th Cir. 1994) ............................................................................... 1

*Global Quality Foods, Inc. v. Van Hoekelen Greenhouses, Inc.*,
   No. 16-cv-00920, 2016 WL 4259126 (N.D. Cal. Aug. 12, 2016) ........................ 4

*M/S Bremen v. Zapata Off-Shore Co.*,
   407 U.S. 1 (1972) ................................................................................................ 1

*Nifedipine Antitrust Litigation, In re*,
   335 F. Supp. 2d 6 (D.D.C. 2004) ......................................................................... 5

*Packaged Seafood Products Antitrust Litigation, In re*,
   No. 15-MD-2670, 2017 WL 35571 (S.D. Cal. Jan. 3, 2017) ............................... 5

*Piper Aircraft Co. v. Reyno*,
   454 U.S. 235 (1981) ............................................................................................ 4

*Rice v. Downs*,
   248 Cal. App. 4th 175 (2016) ..................................................................................3

*RLH Industries, Inc. v. SBC Commcations, Inc.*,
   133 Cal. App. 4th 1277 (2006) ................................................................................4

*Smith, Valentino & Smith, Inc. v. Superior Cour of Los Angeles County*,
   17 Cal. 3d 491 (Cal. 1976) ......................................................................................1

*Taylor v. KeyCorp*,
   680 F.3d 609 (6th Cir. 2012) ...................................................................................5

*Valspar Corp. v. E.I. Dupont de Nemours & Co.*,
   15 F. Supp. 3d 928 (D. Minn. 2014) .......................................................................3

*Vernon v. Stabach*,
   No. 13-62378-CIV, 2014 WL 1806861 (S.D. Fla. May 7, 2014) ............................4

**STATE STATUTES**

Cal. Civ. Code § 1644 ......................................................................................................1

**RULES**

Fed. R. Civ. P. 12(b)(1) ...................................................................................................5

Fed. R. Civ. P. 12(b)(6) ...................................................................................................5

**OTHER AUTHORITIES**

*Complex Litigation Program*, www.lacourt. org/division/civil/CI0042.aspx ................4

**INTRODUCTION**

AEAS' opposition fails to show that this is one of the "exceptional cases" in which a court may refuse to enforce a valid forum-selection clause. *Atlantic Marine,* 571 U.S. 49, 63 (2013). Moreover, as demonstrated in the opening brief, AEAS's complaint also lacks any plausible allegations under *Twombly* and fails to establish Article III and antitrust standing or entitlement to injunctive relief. AEAS' complaint should be dismissed, or in the alternative, all claims based on AWA direct purchases should be dismissed and any remaining claims stayed.

**ARGUMENT**

**I.    THE COURT SHOULD DISMISS CLAIMS BASED ON AWA'S DIRECT SALES**

**A.    The Complaint Falls Within the Scope of AWA's Forum-Selection Clause**

Whether federal common law or California law is applied, AWA's forum-selection clause covers AEAS' claims.[2] In arguing that it does not, AEAS ignores that the clause broadly covers "[a]ny lawsuit or legal action" and seeks to impose an overly narrow interpretation of "arising ou[t] of." Similar to federal law, California favors enforcement of forum-selection clauses in commercial contracts and looks to the ordinary meaning of the terms used to determine questions of scope. *See Smith, Valentino & Smith, Inc. v. Super. Ct. of Los Angeles Cty.*, 17 Cal. 3d 491, 495-96 (Cal. 1976); Cal. Civ. Code § 1644. As a result, courts applying California law or federal common law have interpreted clauses applying to "any" dispute to unambiguously encompass any type of claim, whether state, federal, tort, contract, or otherwise. *See, e.g.*, *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 2, 20 (1972) (forum-selection clause

---

[2] AEAS is incorrect that AWA's forum-selection clause is to be interpreted under California law. *See Gen. Elec. Co. v. G. Siempelkamp GmbH & Co.*, 29 F.3d 1095, 1099 (6th Cir. 1994) (applying federal common law to interpret forum-selection clause); *Delta Alcohol Distribs. v. Anheuser-Busch Int'l, Inc.*, 28 F. Supp. 3d 682, 688-90 (E.D. Mich. 2014) (same).

covering "[a]ny dispute arising" from contract was "mandatory and all-encompassing"); *EFund Capital Partners v. Pless*, 150 Cal. App. 4th 1311, 1322 (2007) (contract to arbitrate "'[a]ny dispute or other disagreement' extends beyond contract claims to encompass tort causes of action"); *Coast Plaza Doctors Hosp. v. Blue Cross of Calif.*, 83 Cal. App. 4th 677, 684-86 (2000). Thus, in using the term "[a]ny lawsuit or legal action," AWA's clause governs any and all causes of action, including antitrust claims, that arise out of the sales invoices.

The phrase "arising ou[t] of" does not limit the scope of the clause merely to claims premised on the "interpretation or performance of the Terms and Conditions" as AEAS contends. Under California law, the term "arising out of" means "'originating from,' 'having its origin in,' 'growing out of,' or 'flowing from' or in short, 'incident to, or having connection with.'" *Fibreboard Corp. v. Hartford Accident & Indem. Co.*, 16 Cal. App. 4th 492, 504 (1993). For example, a claim challenging contractual reimbursement rates as discriminatory and anti-competitive was encompassed by an arbitration clause that covered "any problem or dispute arising under. . . and/or concerning the terms of" a health care service agreement. *Coast Plaza*, 83 Cal. App. 4th at 684-86 & n.2. As in *Coast Plaza*, AEAS is challenging the prices in AWA's sales invoices as anti-competitive and thus its claims arise out of the Terms and Conditions.

The analysis is like that in *Spark Plugs and Oxygen Sensors* where, in the context of applying the equitable estoppel doctrine to an arbitration clause in the relevant invoices, this Court held that the antitrust claims "are dependent on and intertwined with the . . . sales invoices in a fundamental way." *See In re Auto. Parts Antitrust Litig.*, Master File No. 12-md-02311,

2

2017 WL 3579753, at *7 (E.D. Mich. Apr. 18, 2017).[3] The Court flatly rejected the argument that plaintiffs' antitrust claims "are entirely independent" of the sales invoices. *Id.* Thus, AEAS' complaint arises out of the sales invoices because "the prices reflected in [the] sales invoices, which incorporate by reference a [forum-selection] clause, are the product of the Defendants' price-fixing conspiracy." *Id.* Contrary to AEAS' assertion, the language of the forum-selection clause in the agreement at issue in *Valspar Corp. v. E.I. Dupont de Nemours & Co.* was much narrower than the phrase "arising ou[t] of" at issue here. It was specifically limited to claims "solely in respect of the interpretation and enforcement of the provisions of this Agreement, and in respect of the transactions contemplated hereby." 15 F. Supp. 3d 928, 931 (D. Minn. 2014). Nonetheless, because the artificially-inflated prices in the contracts "form[ed] the basis" of the alleged antitrust claims, the court still enforced the clause. The Court should do the same here.[4]

### B.   No Factors Outweigh AWA's Forum-Selection Clause

None of the considerations AEAS advocates establish "extraordinary circumstances" under *Atlantic Marine*. This case is not part of an MDL, and in any event, the existence of an MDL is irrelevant to the enforceability of a forum-selection clause. *See, e.g.*, *Spark Plugs and Oxygen Sensors*, 2017 WL 3579753, at *10 (dismissing claims for arbitration in MDL); *Anwar v. Fairfield Greenwich Ltd.*, 742 F. Supp. 2d 367, 375-78, n.1 & 6 (S.D.N.Y. 2010) (enforcing forum-selection clause granting exclusive jurisdiction to Singapore courts in consolidated MDL case). Nor may considerations of judicial economy overcome a presumptively valid forum-

---

[3] AEAS does not contest that the Aisin Defendants may enforce the forum-selection clause under the doctrine of equitable estoppel. As such, AEAS concedes that their claims are "dependent on and intertwined with the . . . sales invoices in a fundamental way." It is therefore odd that they are arguing at the same time that their claims do not arise from the sales invoice.
[4] *Rice v. Downs* is similarly inapposite. Unlike in *Rice*, AWA's clause stands alone without any modifying language to affect its interpretation. *See* 248 Cal. App. 4th 175, 188-89 (2016).

selection clause. *Glob. Quality Foods, Inc. v. Van Hoekelen Greenhouses, Inc.*, No. 16-cv-00920, 2016 WL 4259126, at *5 (N.D. Cal. Aug. 12, 2016).

None of the permissible public-interest factors under *Atlantic Marine* help AEAS sustain its "burden of showing that public-interest factors overwhelmingly disfavor" dismissal. 571 U.S. at 67. While the Court no doubt is familiar with the legal issues related to the automotive parts conspiracies, it has no unique knowledge of the California law that governs AEAS' claims. *Glob. Quality Foods*, 2016 WL 4259126, at *9. AEAS selectively cites statistics about court congestion in Los Angeles Superior Court, but the court has a special program to handle complex civil litigation such as antitrust cases. *See Complex Litigation Program*, www.lacourt.org/division/civil/CI0042.aspx. And courts have dismissed cases asserting federal antitrust claims in favor of state court jurisdiction. *See* Aisin Seiki Br. at 10 (citing *Vernon v. Stabach*, No. 13-62378-CIV, 2014 WL 1806861, at *5-6 (S.D. Fla. May 7, 2014)).

Finally, AEAS' speculation about the inadequacy of California antitrust and unfair competition laws is unfounded. The Cartwright Act prohibits price-fixing as illegal per se, and California law can reach misconduct occurring outside of California. *See, e.g.*, *RLH Indus., Inc. v. SBC Commc'ns, Inc.*, 133 Cal. App. 4th 1277, 1281-82, 1293 (2006) (Cartwright Act may reach out-of-state anticompetitive conduct). In any event, variations in the substantive law of the alternative forum cannot justify denying dismissal. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 247 (1981); *Capital Currency Exch., N.V. v. Nat'l Westminster Bank PLC*, 155 F.3d 603, 609-12 (2d Cir. 1998) (that England has different substantive antitrust law and no provision for treble damages was irrelevant to the *forum non conveniens* inquiry).

## II. THE COMPLAINT IS OTHERWISE INSUFFICIENT

The AEAS complaint also fails to state a claim. AEAS points to no factual support for its conclusory claim that VTCD prices charged to OEMs impacted the prices charged in the

4

aftermarket. In addition, AEAS offers no support for its conclusion that the Aisin Defendants participated in a conspiracy including all of the products that encompass VTCD.[5] These failings preclude a finding that the complaint sufficiently alleges that Aisin Seiki participated in the alleged conspiracy or injured AEAS. Likewise, the Court should reject AEAS' attempt to side step its lack of standing by ignoring that no Aisin Seiki entity sold VTCD to AEAS until 2015, a year after the government investigations ended in guilty pleas. The cited declarations (attached as Exhibits D and E to Aisin Seiki's opening brief) are evidence that may be validly considered to assess standing under Rule 12(b)(1). *Taylor v. KeyCorp*, 680 F.3d 609, 612 (6th Cir. 2012).

As for its request for injunctive relief, AEAS' claim of continuing effects on aftermarket prices is entirely speculative. *See* AEAS Opp. at 29 ("The effect of the conspiracy . . . *could be continuing* to the present.") (emphasis added). Simply alleging a market with "high barriers to entry and inelastic demand" and the possibility of collusion, as AEAS suggests, is insufficient. Compl. ¶ 38. *See, e.g.*, *In re Nifedipine Antitrust Litig.*, 335 F. Supp. 2d 6, 17-18 (D.D.C. 2004).

| | |
|---|---|
| Dated: July 17, 2018 | Respectfully submitted, |
| **CLEARY GOTTLIEB STEEN & HAMILTON LLP** | **DYKEMA GOSSETT PLLC** |
| By: */s/ Jeremy J. Calsyn*<br>Jeremy J. Calsyn (DC Bar No. 467737)<br>jcalsyn@cgsh.com<br>2000 Pennsylvania Ave. NW<br>Washington, DC 20006<br>Telephone: (202) 974-1500<br>Fax: (202) 974-1999 | By: */s/ Howard B. Iwrey* (w/consent)<br>Howard B. Iwrey (P39635)<br>hiwrey@dykema.com<br>39577 Woodward Ave., Suite 300<br>Bloomfield Hills, MI 48304<br>Telephone: (248) 203-0526<br>Fax: (248) 203-0763 |

*Attorneys for Aisin Seiki Co., Ltd.*

---

[5] While AEAS attempts to distinguish *In re Packaged Seafood Products Antitrust Litigation*, No. 15-MD-2670, 2017 WL 35571, at *6 (S.D. Cal. Jan. 3, 2017), under AEAS' complaint, "VTCD" also encompasses a *variety of products*. Complaint ¶ 2. Aisin Seiki's plea relates only to the sale of one of those products — variable valve timing devices. Aisin Plea ¶ 2.

## CERTIFICATE OF SERVICE

    I, Jeremy Calsyn, hereby certify that on July 17, 2018, I electronically filed the foregoing **REPLY IN SUPPORT OF AISIN SEIKI CO., LTD.'S MOTION TO DISMISS ALL EUROPEAN AUTO SUPPLY, INC.'S CLASS ACTION COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered for electronic filing.

                                              */s/ Jeremy J. Calsyn*
                                              Jeremy J. Calsyn