# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : | CASE NO. 12-MD-02311 |
| | : | HON. SEAN F. COX |
| IN RE: POWER WINDOW MOTORS | : | 2:13-cv-02301- SFC-RSW |
| | : | 2:15-cv-11829- SFC-RSW |
| IN RE: WINDSHIELD WASHER SYSTEMS | : | 2:13-cv-02801-SFC-RSW |
| | : | 2:14-cv-10673-SFC-RSW |
| | : | 2:14-cv-10762-SFC-RSW |
| IN RE: VALVE TIMING CONTROL DEVICES | : | 2:13-cv-02501-SFC-RSW |
| | : | 2:17-cv-13158-SFC-RSW |
| | : | 2:19-cv-10980-SFC-RSW |
| IN RE: IGNITION COILS | : | 2:13-cv-01401-SFC-RSW |
| | : | 2:15-cv-11830-SFC-RSW |
| THIS RELATES TO ALL DIRECT PURCHASER ACTIONS | : | |

**PLAINTIFFS' MOTION FOR ORDERS AUTHORIZING
DISPOSITION OF SETTLEMENT FUND BALANCES
AND TERMINATION OF LITIGATION**

Settlement Class Counsel respectfully move this Court for an Order authorizing disposition of the balances of the Settlement Funds in each of the above-captioned cases and termination of each case as described in the memorandum in support of this motion, which is incorporated by reference as if fully set forth herein. Direct Purchaser Plaintiffs do not request a hearing for this motion. Concurrence has not been sought because Defendants were dismissed from each case and are no longer parties.

| | |
|---|---|
| Dated:  May 22, 2023 | Respectfully submitted, |
| | /s/David H. Fink |
| | David H. Fink (P28235) |
| | Nathan J. Fink (P75185) |
| | FINK BRESSACK |
| | 38500 Woodward Ave., Suite 350 |
| | Bloomfield Hills, MI 48304 |
| | Telephone: (248) 971-2500 |
| | |
| | *Interim Liaison Counsel for the Direct Purchaser Plaintiffs* |

| | |
|---|---|
| Steven A. Kanner | Joseph C. Kohn |
| William H. London | William E. Hoese |
| Michael E. Moskovitz | Douglas A. Abrahams |
| FREED KANNER LONDON | KOHN, SWIFT & GRAF, P.C. |
|   & MILLEN LLC | 1600 Market Street, Suite 2500 |
| 2201 Waukegan Road, Suite 130 | Philadelphia, PA  19103 |
| Bannockburn, IL  60015 | Telephone: (215) 238-1700 |
| Telephone: (224) 632-4500 | |
| | |
| Gregory P. Hansel | William G. Caldes |
| Randall B. Weill | Jeffrey L. Spector |
| Michael S. Smith | SPECTOR ROSEMAN & KODROFF, P.C. |
| PRETI, FLAHERTY, BELIVEAU | 2001 Market Street, Suite 3420 |
|   & PACHIOS LLP | Philadelphia, PA  19103 |
| One City Center, P.O. Box 9546 | Telephone: (215) 496-0300 |
| Portland, ME  04112-9546 | |
| Telephone: (207) 791-3000 | |

*Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : | CASE NO. 12-MD-02311 |
| | : | HON. SEAN F. COX |
| IN RE: POWER WINDOW MOTORS | : | 2:13-cv-02301- SFC-RSW |
| | : | 2:15-cv-11829- SFC-RSW |
| IN RE: WINDSHIELD WASHER SYSTEMS | : | 2:13-cv-02801-SFC-RSW |
| | : | 2:14-cv-10673-SFC-RSW |
| | : | 2:14-cv-10762-SFC-RSW |
| IN RE: VALVE TIMING CONTROL DEVICES | : | 2:13-cv-02501-SFC-RSW |
| | : | 2:17-cv-13158-SFC-RSW |
| IN RE: IGNITION COILS | : | 2:13-cv-01401-SFC-RSW |
| | : | 2:15-cv-11830-SFC-RSW |
| THIS RELATES TO ALL DIRECT PURCHASER ACTIONS | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
ORDERS AUTHORIZING DISPOSITION OF SETTLEMENT
<u>FUND BALANCES AND TERMINATION OF LITIGATION</u>**

The Court has approved settlements in a number of cases brought on behalf of direct purchasers of automotive parts, including Power Window Motors, Windshield Washer Systems, Valve Timing Control Devices, and Ignition Coils. The settlement funds in each of these cases have been distributed in accordance with the Court's Orders and the cases are ready for final

disposition. In the interests of efficiency and conservation of judicial resources, this motion seeks to finally dispose of all four of these cases in one motion.[1]

### POWER WINDOW MOTORS

1. On November 21, 2019, the Court approved settlements between the Direct Purchaser Plaintiff and the MITSUBA (2:13-cv-02301, ECF No. 88) and DENSO (2:13-cv-02301, ECF No. 89) Defendant groups totaling $3,160,761.00 (the "Power Window Motors Settlement Fund").

2. On December 6, 2021 (ECF No. 97), the Court authorized distribution of the net Power Window Motors Settlement Fund to nine approved claimants (the "Power Window Motors Distribution Order"). Pursuant to the Power Window Motors Distribution Order, a total of $2,015,156.59 was distributed from the Power Window Motors Settlement Fund to the approved claimants. Declaration of Scott DiCarlo, ¶ 2 (the "DiCarlo Declaration") (attached as Exhibit 1). Also pursuant to the Power Window Motors Distribution Order, $60,000.000 of the Power Window Motors Settlement Fund was retained as a reserve fund for payment of additional expenses, claims, and unforeseen contingencies (the "Power Window Motors Reserve Fund").

3. Settlement Class Counsel, assisted by Epiq Class Action & Claims Solutions ("Epiq"), the Claims Administrator retained by Settlement Class Counsel, have completed the distribution of the Power Window Motors Settlement Fund in accordance with the Power Window Motors Distribution Order.

4. No claimant checks remain outstanding after the distribution.

5. As of April 30, 2023, the balance of the Power Window Motors Settlement Fund was approximately $49,000.00, which was comprised of the Power Window Motors Reserve

---

[1] A separate proposed Order for each case will be submitted to the Court.

Fund, plus accrued interest, less payments for settlement and claims administration services and costs.

6. Epiq previously submitted invoices to Settlement Class Counsel and was paid a total of $109,836.09 for settlement and claims administration services and costs through September 30, 2021. Those payments were approved by the Court in the Power Window Motors Distribution Order.

7. Since that date, Epiq has been paid $10,688.69 for additional settlement and claims administration services provided and costs incurred for this case through March 31, 2022, including working with Settlement Class Counsel, corresponding with claimants, distributing the Power Window Motors Settlement Fund to approved claimants, and preparing and filing tax materials.

8. Epiq has agreed to accept an additional payment in an amount not to exceed $16,687.74 for any settlement and claims administration services and costs related to the disposition of the Power Window Motors Settlement Fund proposed in this Motion, including tax preparation charges, from April 1, 2022 to the conclusion of the litigation. (If the total amount expended for settlement and claims administration services and costs through the conclusion of the Power Window Motors litigation is less than this amount, the remaining funds will be distributed as described below.)

9. Settlement Class Counsel, with accounting assistance, have timely filed the Power Window Motors Settlement Fund's Federal income tax returns and IRS information forms and made all related tax payments through the tax year 2022. No additional taxes are projected to be due and a tax refund of a portion of prior taxes paid may be available.

10. Taking into account the foregoing items, the balance of the Power Window Motors Settlement Fund would be approximately $33,000.00, plus accruing interest and any potential tax refund, but less any additional unforeseen costs and expenses relating to settlement and claims administration.

## WINDSHIELD WASHER SYSTEMS

11. On November 21, 2019, the Court approved settlements between the Direct Purchaser Plaintiff and the DENSO (2:13-cv-02801, ECF No. 117) and MITSUBA (ECF No. 118) Defendant groups totaling $690,134.00 (the "Windshield Washer Settlement Fund").

12. On November 12, 2021 (ECF No. 125), the Court authorized distribution of the net Windshield Washer Settlement Fund to 17 approved claimants (the "Windshield Washer Distribution Order"). Pursuant to the Windshield Washer Distribution Order, a total of $325,167.79 was distributed from the Windshield Washer Settlement Fund to the approved claimants. DiCarlo Declaration, ¶ 2. Also pursuant to the Distribution Order, $30,000.00 of the Windshield Washer Settlement Fund was retained as a reserve fund for payment of additional expenses, claims, and unforeseen contingencies (the "Windshield Washer Reserve Fund").

13. Settlement Class Counsel, assisted by Epiq, have completed the distribution of the Windshield Washer Settlement Fund in accordance with the Distribution Order.

14. No claimant checks remain outstanding after the distribution.

15. As of April 30, 2023, the balance of the Windshield Washer Settlement Fund was approximately $16,500.00, which was comprised of the Windshield Washer Reserve Fund, plus accrued interest, less payments for settlement and claims administration services and costs.

16. Epiq previously submitted invoices to Settlement Class Counsel and was paid a total of $104,479.41 for settlement and claims administration services and costs through July 31,

6

2021. Those payments were approved by the Court in the Windshield Washer Distribution Order.

17. Since that date, Epiq has been paid $13,529.21 for additional settlement and claims administration services provided and costs incurred for this case through March 31, 2022, including working with Settlement Class Counsel, corresponding with claimants, distributing the Windshield Washer Settlement Fund to approved claimants, and preparing and filing tax materials.

18. Epiq has agreed to accept an additional payment in an amount not to exceed $6,753.50 for any settlement and claims administration services and costs related to the disposition of the Windshield Washer Settlement Fund proposed in this Motion, including tax preparation charges, from April 1, 2022 to the conclusion of the litigation. (If the total amount expended for settlement and claims administration services and costs through the conclusion of the Windshield Washer litigation is less than this amount, the remaining funds will be distributed as described below.)

19. Settlement Class Counsel, with accounting assistance, have timely filed the Windshield Washer Settlement Fund's Federal income tax returns and IRS information forms and made all related tax payments through the tax year 2022. No additional taxes are projected to be due and a tax refund of a portion of prior taxes paid may be available.

20. Taking into account the foregoing items, the balance of the Windshield Washer Settlement Fund would be approximately $9,700.00, plus accruing interest and any potential tax refund, but less any additional unforeseen costs and expenses relating to settlement and claims administration.

**VALVE TIMING CONTROL DEVICES**

21. On July 16 and July 17, 2020, the Court approved settlements between the Direct Purchaser Plaintiff and the Mitsubishi Electric (2:13-cv-02501, ECF No. 20), HIAMS (2:13-cv-02501, ECF No. 19), DENSO (2:13-cv-02501, ECF No. 18), and Aisin Seiki (2:13-cv-02501, ECF No. 17) Defendant groups totaling $2,719,274.00 (the "Valve Timing Control Devices Settlement Fund").

22. On January 25, 2022, (ECF No. 94), the Court authorized distribution of the net Valve Timing Control Devices Settlement Fund to 15 approved claimants (the "Valve Timing Control Devices Distribution Order"). Pursuant to the Valve Timing Control Devices Distribution Order, a total of $1,713,163.74 was distributed from the Valve Timing Control Devices Settlement Fund to the approved claimants. DiCarlo Declaration, ¶ 2. Also pursuant to the Valve Timing Control Devices Distribution Order, $60,000.00 of the Valve Timing Control Devices Settlement Fund was retained as a reserve fund for payment of additional expenses, claims, and unforeseen contingencies (the "Valve Timing Control Devices Reserve Fund").

23. Settlement Class Counsel, assisted by Epiq, have completed the distribution of the Valve Timing Control Devices Settlement Fund in accordance with the Valve Timing Control Devices Distribution Order.

24. One claimant has informed Epiq that it would not negotiate its check, in the amount of $.87. This amount will be added to the balance of the Valve Timing Control Devices Settlement Fund and distributed as described below.

25. As of April 30, 2023, the balance of the Valve Timing Control Devices Settlement Fund was approximately $47,000.00, which was comprised of the Valve Timing

8

Control Devices Reserve Fund, plus accrued interest and a tax refund, less payments for settlement and claims administration services and costs.

26.  Epiq previously submitted invoices to Settlement Class Counsel and was paid a total of $104,800.06 for settlement and claims administration services and costs through September 30, 2021. Those payments were approved by the Court in the Valve Timing Control Devices Distribution Order.

27.  Since that date, Epiq has been paid $13,349.10 for additional settlement and claims administration services provided and costs incurred for this case through March 31, 2022, including working with Settlement Class Counsel, corresponding with claimants, distributing the Valve Timing Control Devices Settlement Fund to approved claimants, and preparing and filing tax materials.

28.  Epiq has agreed to accept an additional payment in an amount not to exceed $14,207.14 for any settlement and claims administration services and costs related to the disposition of the Valve Timing Control Devices Settlement Fund proposed in this Motion, including tax preparation charges, from April 1, 2022 to the conclusion of the litigation. (If the total amount expended for settlement and claims administration services and costs through the conclusion of the Valve Timing Control Devices litigation is less than this amount, the remaining funds will be distributed as described below.)

29.  Settlement Class Counsel, with accounting assistance, have timely filed the Valve Timing Control Devices Settlement Fund's Federal income tax returns and IRS information forms and made all related tax payments through the tax year 2022. No additional taxes are projected to be due and a tax refund of a portion of prior taxes paid may be available.

30. Taking into account the foregoing items, the balance of the Valve Timing Control Devices Settlement Fund would be approximately $32,500.00, plus accruing interest and any potential tax refund, but less any additional unforeseen costs and expenses relating to settlement and claims administration.

## IGNITION COILS

31. On July 16, 2020, the Court approved settlements between the Direct Purchaser Plaintiff and the Mitsubishi Electric (2:13-cv-01401, ECF No. 113), HIAMS (2:13-cv-01401, ECF No. 114), DENSO (2:13-cv-01401, ECF No. 116), and Diamond Electric (2:13-cv-01401, ECF No. 115) Defendant groups totaling $5,940,332.00 (the "Ignition Coils Settlement Fund").

32. On January 5, 2022, (ECF No. 125), the Court authorized distribution of the net Ignition Coils Settlement Fund to 17 approved claimants (the "Ignition Coils Distribution Order"). Pursuant to the Ignition Coils Distribution Order, a total of $3,962,657.39 was distributed from the Ignition Coils Settlement Fund to the approved claimants. DiCarlo Declaration, ¶ 2. Also pursuant to the Ignition Coils Distribution Order, $60,000.00 of the Ignition Coils Settlement Fund was retained as a reserve fund for payment of additional expenses, claims, and unforeseen contingencies (the "Ignition Coils Reserve Fund").

33. Settlement Class Counsel, assisted by Epiq, have completed the distribution of the Ignition Coils Settlement Fund in accordance with the Ignition Coils Distribution Order.

34. No claimant checks remain outstanding after the distribution.

35. As of April 30, 2023, the balance of the Ignition Coils Settlement Fund was approximately $47,000.00, which was comprised of the Ignition Coils Reserve Fund, plus accrued interest, less payments for settlement and claims administration services and costs.

36. Epiq previously submitted invoices to Settlement Class Counsel and was paid a total of $119,382.23 for settlement and claims administration services and costs through September 30, 2021. Those payments were approved by the Court in the Ignition Coils Distribution Order.

37. Since that date, Epiq has been paid $13,261.93 for additional settlement and claims administration services provided and costs incurred for this case through March 31, 2022, including working with Settlement Class Counsel, corresponding with claimants, distributing the Ignition Coils Settlement Fund to approved claimants, and preparing and filing tax materials.

38. Epiq has agreed to accept an additional payment in an amount not to exceed $14,234.89 for any settlement and claims administration services and costs related to the disposition of the Ignition Coils Settlement Fund proposed in this Motion, including tax preparation charges, from April 1, 2022 to the conclusion of the litigation. (If the total amount expended for settlement and claims administration services and costs through the conclusion of the Ignition Coils litigation is less than this amount, the remaining funds will be distributed as described below.)

39. Settlement Class Counsel, with accounting assistance, have timely filed the Ignition Coils Settlement Fund's Federal income tax returns and IRS information forms and made all related tax payments through the tax year 2022. No additional taxes are projected to be due and a tax refund of a portion of prior taxes paid may be available.

40. Taking into account the foregoing items, the balance of the Ignition Coils Settlement Fund would be approximately $33,000.00, plus accruing interest and any potential tax refund, but less any additional unforeseen costs and expenses relating to settlement and claims administration.

## POWER WINDOW MOTORS, WINDSHIELD WASHER SYSTEMS, VALVE TIMING CONTROL DEVICES, AND IGNITION COILS

41. Because an additional distribution of the Power Window Motors, Windshield Washer Systems, Valve Timing Control Devices, and Ignition Coils Settlement Funds is neither economically nor administratively feasible (DiCarlo Declaration, ¶ 3), Settlement Class Counsel recommend that the Settlement Fund balance in each case be paid to the Federal Bar Foundation of Detroit.[2]

42. This method of charitably disposing of remaining settlement funds has been employed in numerous other cases. *See, e.g., Automotive Brake Hoses Antitrust Litig.,* 2:16-cv-03601, ECF No. 34 (Cox, J.) (approximately $28,000 to the Federal Bar Foundation of Detroit).; *Abbey, et al. v. Burroughs Corp., et al.,* Civil Action No. 81-cv-74789 (E.D. Mich. July 17, 2020) (Hood, J.) (attached as Exhibit 2) ($42,392.48 to the Federal Bar Foundation of Detroit).

43. Settlement Class Counsel respectfully request that the Court enter the accompanying proposed Orders that:

    a. Approve payments to Epiq in each case, in the amounts set forth above, for settlement and claims administration services and costs through March 31, 2022;

    b. Authorize payments to Epiq in each case, in amounts not to exceed those set forth above, for its settlement and claims administration services and costs, including tax preparation charges, from April 1, 2022 to the conclusion of the litigation;

    c. Direct that the balances of the Power Window Motors, Windshield Washer Systems, Valve Timing Control Devices, and Ignition Coils Settlement Funds, including

---

[2] The Federal Bar Foundation of Detroit (affiliated with the Federal Bar Association, Eastern District of Michigan), is a not-for-profit 501(c)(3) organization in this District that provides educational, public service, and legal assistance opportunities to individuals and organizations in the local community.

any additional accrued interest and tax refunds, but less any additional unforeseen expenses and costs related to settlement and claims administration, be paid to the Federal Bar Foundation of Detroit;

    d. Bar all Power Window Motors, Windshield Washer Systems, Valve Timing Control Devices, and Ignition Coils Settlement Class members, whether or not they filed a claim or received payment from the applicable Settlement Fund, from making further claims against that Settlement Fund;

    e. Authorize Settlement Class Counsel and Epiq, after a minimum of one year following entry of the Orders, to destroy all claim files, related correspondence, and other materials relating to the administration of the settlements or distribution of the Settlement Funds; and

    f. Discharge Settlement Class Counsel from all further responsibility for the Settlement Funds and for Power Window Motors, Windshield Washer Systems, Valve Timing Control Devices, and Ignition Coils litigation upon compliance with the Orders entered by the Court.

Dated: May 22, 2023        Respectfully submitted,

                /s/David H. Fink
                David H. Fink (P28235)
                Nathan J. Fink (P75185)
                FINK BRESSACK
                38500 Woodward Ave., Suite 350
                Bloomfield Hills, MI 48304
                Telephone: (248) 971-2500

                *Interim Liaison Counsel for the Direct Purchaser Plaintiffs*

| | |
|---|---|
| Steven A. Kanner<br>William H. London<br>Michael E. Moskovitz<br>FREED KANNER LONDON<br>  & MILLEN LLC<br>2201 Waukegan Road, Suite 130<br>Bannockburn, IL  60015<br>Telephone: (224) 632-4500 | Joseph C. Kohn<br>William E. Hoese<br>Douglas A. Abrahams<br>KOHN, SWIFT & GRAF, P.C.<br>1600 Market Street, Suite 2500<br>Philadelphia, PA  19103<br>Telephone: (215) 238-1700 |
| Gregory P. Hansel<br>Randall B. Weill<br>Michael S. Smith<br>PRETI, FLAHERTY, BELIVEAU<br>  & PACHIOS LLP<br>One City Center, P.O. Box 9546<br>Portland, ME  04112-9546<br>Telephone: (207) 791-3000 | William G. Caldes<br>Jeffrey L. Spector<br>SPECTOR ROSEMAN & KODROFF, P.C.<br>2001 Market Street, Suite 3420<br>Philadelphia, PA  19103<br>Telephone: (215) 496-0300 |

*Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs*